IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. 2:25-cv-9239-DCN-MGB

**James S. Faller, II and Christopher M. Lam**
    **Plaintiffs,**

**v.**

**Nickolas Gabel, Matthew Gabel, The Gabel Group Exclusive, LLC, and The Gabel Group, LLC,**
    **Defendants.**

### (VERIFIED)

### RICO COMPLAINT

### (18 U.S.C. §§ 1962(c), 1962(d), 1964(c))

**Plaintiffs James S. Faller, II, and Christopher M. Lam,** bring this action under the Racketeer Influenced and Corrupt Organizations Act (RICO), and allege as follows:

### Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331,** because Plaintiff asserts claims arising under the laws of the United States, including but not limited to the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968.**

This Court has **supplemental jurisdiction** over Plaintiff's **state law claims** pursuant to **28 U.S.C. § 1367(a),** because such claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States

Constitution. These claims arise from the same nucleus of operative facts as the federal RICO violations.

Plaintiff further invokes the Court's **supplemental jurisdiction** under **28 U.S.C. § 1367(a)** with respect to the **[state law claims — e.g., fraud, unjust enrichment, conversion, breach of fiduciary duty, etc.]** asserted herein. These claims arise from a common nucleus of operative fact shared with the federal RICO claims and are therefore properly heard together in this Court.

**COUNT I – CIVIL RICO**
**(18 U.S.C. §§ 1962(c) and (d))**

1. Plaintiffs re-allege and incorporate all allegations as if fully stated herein.

2. Defendants Nickolas Gabel, Matthew Gabel, The Gabel Group Exclusive, LLC, and The Gabel Group, LLC (collectively the "Enterprise") have conducted or participated in, directly or indirectly, the affairs of an enterprise engaged in interstate commerce through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), and conspired to do so in violation of § 1962(d).

3. The RICO enterprise consists of the Defendants and associated individuals and sham corporate entities who acted in concert to carry out a scheme to defraud Plaintiffs and misappropriate business assets.

4. Defendants engaged in a pattern of racketeering activity including, but not limited to:

   - Wire fraud (18 U.S.C. § 1343): Submitting knowingly false and fraudulent construction draws requests exceeding $2,000,000.00; Transmitting fabricated invoices, bank

information, and progress reports via electronic means; Diverting over $1,000,000.00 in project funds and insurance proceeds from multiple projects. Defendants also concocted a scheme to greatly inflate progress and ficticiously purchased assets for various projects throughout the United States and fraudulently sent emails, mail and other electronic means to receive funds on multiple projects they were not entitled to.

- **Mail fraud (18 U.S.C. § 1341):** Sending forged documents, fake contracts, and altered vendor correspondence to banks, title companies, and lenders.

- **Bank fraud (18 U.S.C. § 1344):** Forging signatures on checks; Illegally opening bank accounts in corporate names without authority; Using those accounts to misappropriate funds.

- **Money laundering (18 U.S.C. §§ 1956, 1957):** Transferring misappropriated funds through multiple shell entities to conceal their origin and ownership.

- **Forgery and uttering forged instruments:** Forging an insurance check payable jointly to a mortgage lender and a Lam entity; Depositing that check without authorization.

- **Corporate filing fraud:** Altering Secretary of State records in Florida and South Carolina to unlawfully install themselves as corporate officers or managers, thereby hijacking control of entities owned by Christopher Lam.

- **Use of sham corporations:** Establishing and operating fictitious entities to funnel stolen proceeds, submit false draws, and conduct other fraudulent acts.

5. Defendants' acts were not isolated but were related and continuous over time, affecting multiple business ventures, bank accounts, and property interests. These acts constitute a pattern of racketeering activity under 18 U.S.C. § 1961(5).

6. Defendants also conspired with one another in furtherance of the racketeering enterprise in violation of 18 U.S.C. § 1962(d), agreeing to commit the predicate acts described herein.

7. Plaintiffs have suffered substantial injury to business and property as a direct result of these RICO violations, including:

   - Diversion/Conversion and theft of over $1,000,000.00 in project and insurance funds;

   - Lost business opportunities;

   - Destruction of business relationships and reputation;

   - Unlawful control over corporate governance and property;

   - Additional losses totaling at least $15,000,000.00 in actual damages.

8. Pursuant to 18 U.S.C. § 1964(c), Plaintiffs seek treble damages, attorneys' fees, and the costs of this suit.

Plaintiff Also invokes the supplemental jurisdiction of this Court over state claims which are intertwined with the Federal RICO claims;

## Count I – Breach of Fiduciary Duty

Counterclaim-Defendants owed fiduciary duties as co-members and business partners in and related entities.

They breached those duties by excluding Lam from operations and diverting funds without his consent and concealing information from Lam.

Lam has suffered reputational, operational, and financial harm as a result.

## Count II – Conversion

Counterclaim-Defendants wrongfully exercised control over corporate bank accounts, closing proceeds, and vendor payments.

These funds were used without authorization and outside the scope of any valid agreement and obligations.

**Count III – Defamation and Commercial Disparagement**

Counterclaim-Defendants falsely accused Lam of fraud and criminal conduct to third
parties.

These statements were made with malice and caused reputational and financial damage.

**Count IV – Injunctive Relief**

Counterclaim-Plaintiff seeks an injunction to bar Counterclaim-Defendants from acting on
behalf of any jointly owned entity without joint authorization.

Continued interference threatens irreparable harm.

**Count V – Breach of Contract**

Counterclaim-Defendants entered into binding verbal and written agreements with Lam
to borrow funds for personal, business and construction projects.

Lam loaned over $120,000.00 personally in reliance on these promises.

Counterclaim-Defendants have failed to repay these loans, breaching the contract and
causing financial harm to Lam.

**Count VI – Forgery**

Counterclaim-Defendants, without authority or consent, created or caused to be created
false and fraudulent documents bearing Lam's name or company name.

Documents included forged checks, authorizations, and resolutions submitted to lenders
and third parties to divert funds.

**Count VII – Theft**

Counterclaim-Defendants stole funds from construction draws, insurance proceeds, and
business accounts.

These acts were willful and without justification, constituting civil theft.

**Count VIII – Fraud**

Counterclaim-Defendants made materially false statements to Lam about funding, intentions, and consent.

Lam relied on those falsehoods and suffered significant harm as a result.

Counterclaim Defendant Nickolas Gabel knowingly and fraudulently altered or caused to be altered Secretary of State of Florida documents for the purposes of gaining control of a business wholly owed by Christopher Lam to unjustly and fraudulently obtaining funds, checks and other valuable items as if he was the lawful owner.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Immediate Temporary and Permanent Injunctions in the Plaintiff's favor over the Defendants prohibiting them from further conducting any of these acts.
2. Enter judgment in Plaintiffs' favor and against all Defendants jointly and severally;
3. Award treble damages in the amount of $54,000,000.00 under 18 U.S.C. § 1964(c);
4. Award punitive damages in the amount of $5,000,000.00;
5. Grant injunctive relief barring Defendants from managing or controlling any entity formerly or currently affiliated with Plaintiffs;
6. Award attorneys' fees, costs, and interest; and
7. Grant such other and further relief as the Court deems just and proper.

**VERIFICATION**

I, Christopher M. Lam, declare under penalty of perjury under the laws of the United States of America that I am the Co-Plaintiff in the above-entitled action; that I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true and correct to the best of my knowledge, information, and belief.

Executed on this 30 day of July , 2025.

_____

Christopher M. Lam
Plaintiff, pro se

I, James S. Faller, II, declare under penalty of perjury under the laws of the United States of America that I am the Co-Plaintiff in the above-entitled action; that I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true and correct to the best of my knowledge, information, and belief.

Executed on this 30 day of July, 2025.

_____

**James S. Faller, II**
Plaintiff, pro se

Respectfully submitted,

Christoper M. Lam
1605 Cultivation Lane
Mt. Pleasant, SC 29466
843-224-0825
Christopher.lam82@gmail.com

Respectfully submitted,

James S. Faller, II
P.O. Box 121
Edgefield, SC. 29824
803-979-7009
jsfaller@jsfii.com

Dated: July 30, 2025